IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MARYLAND

EDWIN BLADIMIR ESCOBAR,

    Plaintiff,

-vs-

STEPHEN T. MOYER,
    et. al.,

    Defendants.

Civil Action No. RDB-18-93

RDB-19-2717

### PLAINTIFF'S MOTION TO REINSTATE CIVIL RIGHTS COMPLAINT ACTION WITH A JURY DEMAND AND FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT

COMES NOW plaintiff, Edwin B. Escobar, pursuant to **Fed. R. Civ. P. 15 (c)(1)** and **(2)** and hereby moves this court to recall the previous order of dismissal of the above-entitled cause and reinstate the above cause thereon the Court's active docket and grant him leave to submit a first amended civil rights complaint with a jury demand and states as follows:

I.

### PROCEDURAL HISTORY

Plaintiff submitted an action under the aegis of 42 U.S.C. § 1983 alleging <u>inter alia</u> he was assaulted and battered by two Correctional Officers and was subsequently subjected to conditions that violate the Constitution when he was subsequently placed in administrative detention housing.

Succinctly summarized the complaint alleged that on June 15, 2017, while an inmate at the Eastern Correctional Institution

(ECI) plaintiff was removed from his cell by Correctional Officers Messrs. Corey Holland and Daniel Arndt for a search of it as well as plaintiff.

Plaintiff while complying with the Officers commands during a strip search he was, without justification or cause, assaulted and battered by the Officers. The use of force was not justified and was arbitrarily administered and wanton and brutal causing injury to plaintiff.

The incident was memoralized on video-surveillance cameras. Thereafter, plaintiff was examined by medical staff, and placed in administrative detention housing where he was subjected to harsh conditions, wherein plaintiff was initially kept naked, given no sheets, blankets, towels, wash cloths, toliet paper, soap, toothpaste, toothbursh, or eating utensils while in segregation.

Plaintiff's efforts to timely and efficiently utilize the Maryland Department of Public Safety and Correctional Services (MDPSCS) Administrative Remedy Procedure process was deliberately thwarted and impeded by Corrections Officials. Taking judicial notice pursuant to **Fed. Evid. R. 201 (b)(2)** the docket reflects at one time plaintiff was represented by counsel with the firm of Foster & Le' Compte, L.L.C. whom eventually withdrew and further stipulated to dismissal, albeit without plaintiff's consent, pursuant to Fed. R. Civ. P. 41 (a)(1)(A) and 41 (a)(1)(B).

-2-

An order issued dismissal the above-entitled cause thereafter. Plaintiff seeks to reinstate the cause to the Court's active docket and grant him leave to submit a first amended civil rights complaint action with a jury demand at this time.

II.

## MEMORANDUM OF POINTS AND AUTHORITIES

I.

**DEFENDANTS SHALL NOT BE PREJUDICED IF THE COURT SHOULD GRANT PLAINTIFF'S REQUEST THAT THE ABOVE-ENTITLED CAUSE TO BE REINSTATED TO THE COURT'S ACTIVE DOCKET AND HE BE GRANTED LEAVE TO SUBMIT A FIRST AMENDED COMPLAINT AT THIS TIME.**

As to plaintiff's request to reinstate the cause to the Court's active docket. The Court has inherent authority to manage it's docket "with a view toward the efficient and expedient resolution of cases" on their merits. Landis v. North American Co., 299 U.S. 248, 254 (1936).

As to the plaintiff's request for leave to file a First Amended Civil Rights Complaint Action With A Jury Demand pursuant to 42 U.S.C. § 1983, pursuant to Fed. R. Civ. P. 15 (a) the relevant part holds that the courth "should freely give leave to amend...when justice require..." Id. (2015 Ed.). See Also Foman v. Davis, 371 U.S. 178, 182 (1962).

Further, the proposed First Amended Complaint is subject to the **Relation Back Amendment Rule** [Fed. R. Civ. P. 15 (c)(2)] which permits amendment of the original complaint "so long as the original and amended [complaint] state claims that are tied to a common core of operative facts." See Also Mayle v. Felix, 545 U.S. 644, 664-665 (2005).

Therefore, plaintiff request that the court:

(i) Order the above-entitled cause reinstate to the Court's active docket; and

(ii) Grant plaintiff leave to submit a first amended complaint within sixty (60) days of it's order reinstating the above-stated civil action; and

(iii) Grant plaintiff any other relief deemed just and appropriate.

DATED: This 25 day of August 2019.

Respectfully Submitted,

*Edwin Escobar*
Edwin B. Escobar
DOC# 366742/SID# 2050948
Maryland Correctional Training Center
18800 Roxbury Road
Hagerstown, Maryland 21746

### CERTIFICATE OF SERVICE

I, Edwin B. Escobar, on this __ day of August 2019, hereby certify that a copy of the foregoing pleading was sent by first class mail postage prepaid to defendants' counsel, Ms. Stephanie Lane-Weber, Assistant Attorney General, Office of the Attorney General, at: St. Paul Plaza, 19th Floor, 200 St. Paul Place, Baltimore, Maryland 21202.

By *Edwin Escobar*
Edwin B. Escobar
DOC# 366742/SID# 2050948
Maryland Correctional Training Center
18800 Roxbury Road
Hagerstown, Maryland 21746