IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| EDWIN BLADIMIR ESCOBAR-SALMERON, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. RDB-19-2717 |
| STEPHEN T. MOYER, *et al.*, | * | |
| Defendants. | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \*

## **MEMORANDUM ORDER**

On September 13, 2019, Plaintiff Edwin Bladimir Escobar-Salmeron ("Escobar"), proceeding *pro se*, brought excessive force claims under 42 U.S.C. § 1983 against Stephen T. Moyer, former Secretary of the Department of Public Safety and Correctional Services, and correctional officers Corey T. Holland and Daniel Arndt. (*See* Compl., ECF No. 1.) By memorandum opinion and order dated April 29, 2020, this Court dismissed Escobar's claims against Moyer, and entered summary judgment in favor of Holland and Arndt on the claims against them. *Escobar v. Moyer*, No. RDB-19-2717, 2020 WL 2061503, at \*1 (D. Md. Apr. 19, 2020). Escobar filed a Notice of Appeal, which was signed and dated May 26, 2020. (Notice of Appeal, ECF No. 21.) That Notice was received by this Court on June 8, 2020, and was transmitted to the United States Court of Appeals for the Fourth Circuit that same day. (*See id.*; Transmission of Notice of Appeal, ECF No. 22.)

On May 14, 2021, the Fourth Circuit remanded this case "for the limited purpose of allowing the district court to obtain . . . from the parties" the date when Escobar "gave the

notice of appeal to prison officials for mailing" in order to determine whether Escobar's appeal was timely, pursuant to Fed. R. App. P. 4(c)(1) and *Houston v. Lack*, 487 U.S. 266, 276 (1988). *Escobar-Salmeron v. Moyer*, 847 F. App'x 203, 203 (4th Cir. 2021). On May 19, 2021, this Court issued an Order directing Plaintiff to file a memorandum addressing this issue within 30 days, and Defendants to file a response 30 days thereafter. (ECF No. 26.) Plaintiff submitted his memorandum on June 7, 2021 (ECF No. 27), and Defendants submitted their response on July 12, 2021 (ECF No. 28).[1] Accordingly, this issue is ripe for determination.

Plaintiff bears the burden of demonstrating that his Notice of Appeal was timely filed. "[T]he timely filing of a notice of appeal in a civil case is a jurisdictional requirement," *Bowles v. Russell*, 551 U.S. 205, 214 (2007), and "the party asserting appellate jurisdiction bears the burden of proving it." *Razzak v. Ackoyt*, 698 F. App'x 146, 147 (4th Cir. 2017) (citing *Wheeling Hosp., Inc. v. Health Plan of the Upper Ohio Valley, Inc.*, 683 F.3d 577, 583–84 (4th Cir. 2012)). "In a civil case, . . . the notice of appeal must be filed within 30 days after entry of judgment." Fed. R. App. P. 4(a)(1)(A). "When the appellant is incarcerated, the notice of appeal is considered filed on the date it was properly delivered to prison officials for mailing." *Razzak*, 698 F. App'x at 147; *see also* Fed. R. App. P. 4(c)(1); *Houston*, 487 U.S. at 267 (emphasizing that "the pro se prisoner has no choice but to entrust the forwarding of his notice of appeal to prison authorities whom he cannot control or supervise and who may have every incentive to delay."). As this Court entered judgment on April 29, 2020, Escobar's Notice of Appeal is only timely if it was delivered to prison officials no later than May 29, 2020.

---

[1] Notably, Defendant's submission appears untimely. This Court ordered Defendants to submit their response within 30 days of Plaintiff's filing. (*See* May 19, 2021 Order, ECF No. 26.) As Plaintiff submitted his memorandum on June 7, 2021, Defendants' memorandum was due on July 7, 2021.

2

The general consensus among district courts is that "[l]iberal application of the mailbox rule causes [courts] to treat [a filing by an incarcerated appellant] as placed in the hands of prison authorities on the day it was signed." *Marsh v. Soares*, 223 F.3d 1217, 1218 n.1 (10th Cir. 2000); *accord Smith v. United States*, No. ELH-12-3113, 2016 WL 1321218, at *1 n.2 (D. Md. Apr. 4, 2016); *United States v. Dorsey*, 988 F. Supp. 917, 920 (D. Md. 1998). "Absent specific indication by prison authorities as to the date received for mailing, courts look to the date the petition is executed by the inmate or the postmark date." *Drayton v. Cohen*, No. CA 2:10-3171-TMC, 2012 WL 666839 (D.S.C. Feb. 29, 2012) (citing *Houston*, 487 U.S. at 275); *see, e.g.*, *Douglas v. Noelle*, 567 F.3d 1103, 1109 (9th Cir. 2009) (highlighting importance of postmark as evidence of timely filing under *Houston*).

Escobar asserts in his memorandum, and an attached Declaration signed under penalty of perjury, that "he placed the postage prepaid notice of appeal [in] the hands of a Corrections Officer [on] May 26, 2020." (Pl.'s Mem. 2, 5; ECF No. 27.) The Notice of Appeal on record suggests that Escobar is correct: The notice was executed on May 26, 2020, and its envelope appears to be postmarked in May of that year. (ECF No. 21.)[2] Defendants do not contest Escobar's claim, openly acknowledging that they "cannot provide information about the date or manner in which Plaintiff sent the Notice of Appeal," as the mailroom of the facility where Plaintiff is incarcerated only keeps track of certified mailings—and Plaintiff did not submit his Notice of Appeal by certified mail. (Def.'s Mem. 1-2, ECF No. 28.) Accordingly, as no evidence on the record contradicts Plaintiff's assertion, this Court finds that Plaintiff's Notice of Appeal was timely filed.

---

[2] Although the exact date is barely legible, the stamped month indicates a submission in May, 2020.

3

For the reasons stated above, it is this 15th day of October, 2021, hereby **ORDERED** that:

1. Plaintiff's Notice of Appeal (ECF No. 21) shall be **DEEMED** to have been timely delivered to prison officials for mailing on May 26, 2020;

2. The Clerk of Court shall **TRANSFER** this case to the United States Court of Appeals for the Fourth Circuit;

3. The Clerk of Court shall **MAIL** a copy of this order to Escobar; and

4. The Clerk of Court shall **ELECTRONICALLY TRANSMIT** a copy of this order to counsel for Defendants.

/s/ Richard D. Bennett

Richard D. Bennett
United States District Judge